UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RADHA GEISMANN, M.D., P.C.,  )
individually and on behalf of all  )
others similarly-situated,  )
                                      )
       Plaintiff,  )
                                      )
     v.  )        No. 4:09CV01980  HEA
                                      )
BYRAM HEALTHCARE CENTERS,  )
INC.,  )
                                      )
       Defendant.  )

## OPINION, MEMORANDUM AND ORDER

Plaintiff Radha Geismann, M.D., P.C. ("plaintiff"), individually and on behalf of all others similarly-situated, has filed suit against defendant Byram Healthcare Centers, Inc., for sending her an unsolicited advertisement via facsimile transmission in violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I).  Additionally, plaintiff asserts a common law action of conversion for the paper, toner, and employee's time expended relative the facsimile transmission (Count II).[1]  Defendant filed a Motion to Dismiss [Doc. No. 13] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff filed a

---

[1] Plaintiff originally filed a three-count petition, however, subsequently voluntarily dismissed Count III, an alleged violation to the Missouri Consumer Fraud and Deceptive Business Practices Act [Doc. No. 15].

Response to Defendant's Motion to Dismiss [Doc. No. 16], and defendant has filed a Reply [Doc. No. 21]. For the reasons set forth below, the Motion to Dismiss is denied.

## Facts and Background[2]

Plaintiff's allegations stem from a one page-correspondence [Pet. Exh. A-1] defendant transmitted to plaintiff's office facsimile machine on or about July 22, 2008. The facsimile transmission–commonly referred to as a "fax"–was allegedly sent to more than 40 other recipients. None of these recipients, including Plaintiff, gave defendant permission to send such communications. Plaintiff categorizes the fax as an "unsolicited advertisement," one that they neither invited nor gave defendant permission to send. Plaintiff alleges that defendant's actions caused damages to plaintiff and other class members in the form of lost paper and toner due to the printing of the faxes. Plaintiff further alleges that the faxes cost her time, as she and her employees wasted time receiving, reviewing and routing defendant's fax.

---

[2] The recitation of facts is taken from the parties' pleadings and is set forth for the purposes of this Order only. The recitation in no way relieves the parties of any proof thereof in future proceedings.

## Discussion

Defendant, a durable medical equipment provider, claims that plaintiff's TCPA claim fails because the fax was an informational message, not an "advertisement." Additionally, defendant contends that the conversion claim is without merit because they never possessed or exercised control over plaintiff's property and any damage suffered by plaintiff was *de minimus*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556) "Where a complaint pleads facts that are merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation mark omitted).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Id.* at 1950-51. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### *The Nature of the Fax*

Under the TCPA, it is unlawful to send an unsolicited advertisement to a telephone facsimile machine. 47 U.S.C. § 227(b)(1). The statute defines an unsolicited advertisement as "any material advertising the commercial availability or

4

quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

Given that the content of the fax is a primary issue in this case, it is in the interest of the Court to describe it in detail.  The top of the document serves as a standard "header," displaying defendant's logo and business slogan, with the words "Durable Medical Equipment" directly to the left.  The subject heading of the document reads "Congress Says 'NO' to National Competitive Bidding."

The  body of the fax contains two paragraphs of text.  The first paragraph–as defendant contends–serves as an informational message about a legislative update dealing with the repeal in changes to Medicare durable medical equipment policies. The second paragraph of the fax, and the few lines immediately following, are more problematic.  While the second paragraph does offer some general information, it goes into detail about the goods and services defendant provides.  Specifically, it states that defendant provides "high quality diabetic supplies"; it boasts that they are committed to "being the leading provider of medical supplies to the home"; and states that they will "assume the burden of all insurance reimbursement paperwork" for their clients' patients. Furthermore, directly below the second paragraph,

5

defendant lists its phone number and website address so that recipients can "order medical supplies," "reorder products," and view their online catalog.

Plaintiff contends that she did not invite or give express permission to defendant to send the fax, and the fax should be considered an advertisement under the TCPA.  Defendant argues that the fax was not unsolicited, and that a business relationship had previously existed between the parties because both plaintiff and defendant shared patients. Additionally, defendant contends that the fax is an "informational communication," as opposed to an advertisement. Defendant's contentions regarding the nature of the parties' relationship are questions of fact not suited for this stage in litigation.  Taking the plaintiff's allegations as true, and construing the facts in the light most favorable to plaintiff, it cannot be said that it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would demonstrate entitlement to relief.  *See Midwestern Machinery, Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir. 1999); *Federer v. Gephardt*, 363 F.3d 754, 757 (8th Cir. 2003).

*Conversion Claim*

Plaintiff alleges in Count II that by sending her and the rest of the class members unsolicited faxes, defendant improperly and unlawfully converted their fax machines, toner, paper and employee time to its own use. Defendant moved to

dismiss the conversion claims on two grounds: (1) defendant never possessed any of plaintiff's property; and (2) any injury allegedly suffered by plaintiff was *de minimus*.

Under Missouri law, conversion is "the unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Bradley v. Transp. Sec. Admin,* 552 F. Supp. 2d 957, 961 (E.D. Mo. 2008). Conversion may be proved in one of three ways: (1) a tortious taking, (2) a use or appropriation by the defendant indicating a claim or right in opposition to the owner, or (3) a refusal to give up possession on demand. *Envirotech, Inc v. Thomas,* 259 S.W.3d 577, 592 (Mo. Ct. App. 2008). Additionally, under Restatement (Second) of Torts § 226, one who materially alters a chattel's physical condition as to change its entity or character is subject to liability for conversion to another who is in possession of the chattel. This rule can particularly apply where a defendant is not in actual possession of the chattel. *See Id.* at cmt. b, d.

Here, defendant sent the unsolicited fax to plaintiff, intending for the fax to be printed , and therefore intending for plaintiff's paper and toner to be materially altered. Despite defendant's contention that they did not actually possess the chattel, conversion may occur regardless because of their intent to materially alter plaintiff's property. Thus, for the purpose of this motion, plaintiff's allegations for

7

conversion of their fax machine, toner, and paper are sufficient at this stage of the litigation.

Defendant's alternative argument contends that any injury allegedly suffered by plaintiff was *de minimus*. The doctrine of *de minimis non curat lex* states that "the law cares not for trifles." *Wisconsin Dept. Of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992). Under Missouri law, where a conversion is established plaintiff is entitled to her actual damages, is entitled to nominal damages, and may recover punitive damages if the conversion is malicious. *Jackson v. Engert,* 453 S.W.2d 615, 617 (Mo. Ct. App. 1970). Additionally, even where no actual loss is shown, Defendant may be liable for nominal damages if technical conversion has been shown. *Schulte v. Florian*, 370 S.W.2d 623, 626.

As such, taking plaintiff's allegations regarding the conversion as true, and construing the facts in the light most favorable to it, it cannot be said that it appears beyond doubt that plaintiff can prove no set of facts in support of the conversion claim that would demonstrate entitlement to relief. *Midwestern Machinery, Inc.*, at 441. Furthermore, based upon Missouri case law, the *de minimus* defense is inapplicable in the present case and plaintiff may be entitled to damages, regardless of how minuscule they may be.

**Conclusion**

Based upon the foregoing, plaintiff's allegations of TCPA violations (Count I) and their claim for conversion (Count II) in this matter have been sufficiently alleged to withstand defendant's Motion to Dismiss [Doc. No. 13].

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. No. 13], is denied.

Dated this 10th day of May, 2010.

_____
   HENRY EDWARD  AUTREY
UNITED STATES DISTRICT JUDGE