UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> v. <br><br> BYRAM HEALTHCARE CENTERS, INC., <br><br> Defendant. | ) ) ) ) Case No. 4:09-cv-01980 ) ) ) ) ) ) ) ) |

**AGREED PROTECTIVE ORDER**

NOW on this 27th day of July, 2010, for good cause shown and with the consent of the parties, it is hereby ordered as follows:

1. Documents designated as "Confidential" and produced in this litigation between Plaintiff and Defendant (the "Parties"), or produced by any third party in response to a subpoena, are entitled to the protection specified in this Order.

2. Prior to furnishing documents designated as Confidential pursuant to this Order, the documents shall be prominently marked "Confidential" by the Party producing them. Documents may be marked "Confidential" only when the person or entity marking said document reasonably believes that the documents contains information that is proprietary and/or confidential in nature. Documents may be marked "Confidential—Attorneys' Eyes Only" only when the person or entity marking such document reasonably believes that the document is proprietary and/or confidential in nature, and of such a sensitive nature that disclosure of the document to persons other than counsel and their non-party experts is likely to cause harm to the business or personal interests of the person or entity designating such document.

**EXHIBIT 1**

3. If a Party inadvertently fails to designate a document as Confidential, the producing Party may within twenty (20) days of the initial production be permitted to make such a designation by notifying the receiving Party in writing.

4. Confidential documents and information produced by third parties may also be marked "Confidential." Confidential documents produced by third parties will be designated confidential by the Party claiming confidentiality using the following procedure: The designating Party shall have thirty (30) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other Parties, by Bates number, if available, or by sufficient description to identify the documents to be protected under this Order. The Parties will then prominently mark all such documents in their possession as "Confidential."

5. Counsel shall not furnish any document or disclose any information contained in any document designated as Confidential pursuant to this Order except as provided herein. Documents and information designated as Confidential pursuant to this Order shall be used solely for the purposes of this litigation and shall not be used for any other purpose whatsoever.

6. The Parties agree that documents designated as Confidential will not be disclosed to persons other than the Parties, their counsel, retained experts, consultants, other fact witnesses or persons who may provide testimony, court reporters, and the Court in this litigation. Any person, except for counsel, a Party, court reporters, or those employed by the Court, shown a Confidential document must agree to be bound by the terms of this Order prior to the disclosure to that person of a Confidential document by signing the Certification attached hereto as Exhibit A.

7. Prior to introducing any Confidential document during any hearing or trial in this litigation, the Party intending to use such document will approach the bench for a ruling on how the document is to be treated

8. Should counsel wish to furnish a document or disclose any information contained in a document designated as Confidential pursuant to this Order to a witness, an expert or any other person who is not a Party or an attorney for a Party, counsel shall, before furnishing the document or disclosing the information, obtain a signed Certification in the form attached hereto as Exhibit A. Counsel shall keep executed copies of these Certifications until the conclusion of this litigation.

9. Except with the prior written consent of the Party or other person originally designating a document produced in this litigation as a "Confidential—Attorneys' Eyes Only" document, no document stamped "Confidential—Attorneys' Eyes Only" and produced in this litigation may be disclosed to any person other than counsel for the Parties in this litigation and their non-party experts who are actively engaged in the conduct of this litigation. This paragraph applies to any document produced in this litigation which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to signify that it contains information intended only for disclosure to counsel for the Parties, and their non-party experts in this litigation who are actively engaged in the conduct of this litigation.

10. The Confidential status of all documents governed by this Order shall survive the conclusion of this litigation. All documents governed by the terms of this Order (and all copies of the documents) shall be returned to the producing Party upon final settlement of all claims between and among any of the Parties now or hereafter named in this litigation, except where

such documents become part of the record or are marked or identified as work product, in which event the Party will destroy the documents.

11. This Order shall in no way affect or impair the right of any Party to raise or assert any claim, defense or objection including, but not limited to, defenses or objections to the discovery or production of documents or information, and to the use or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order. A Party may seek relief from any of these provisions or challenge the designation of confidentiality on any document by motion to this Court with notice and an opportunity to be heard provided to all Parties, and any third party producing such documents.

12. This Order shall not limit the right of the respective parties to disclose their own confidential discovery material to any persons or entities of their own choosing. Such disclosure shall not waive the protection of this Order.

13. Documents subject to a claim of attorney-client privilege or work product immunity that are inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. Upon notice to the receiving party that such information has been inadvertently or mistakenly produced and is subject to a claim of immunity or privilege, upon request, the information for which a claim of inadvertent or mistaken production is made shall be returned promptly and all copies of that document that may have been made shall be destroyed and the receiving party shall provide the producing party with written certification of such destruction. The party returning such information may thereafter move the Court for an Order compelling production of such information.

14. The production of certain correspondence between Byram and its insurer shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim of privilege (including but not limited to the insurer-insured privilege).

15. The provisions of this Protective Order may be modified upon written agreement of the parties or upon application to this Court for good cause shown.

7-27-010