UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly-situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:09CV1980 HEA |
| BYRAM HEALTHCARE CENTERS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Radha Geismann's ("Geismann") Motion to Compel Answers to Discovery [Doc. #40]. Defendant Byram Healthcare Centers, Inc. ("Byram) has filed a written opposition thereto [Doc. #47], to which Geismann has replied [Doc. #48]. Additionally, both parties filed a Joint Motion to Vacate Scheduling Order [Doc. #49].

Plaintiff Geismann's motion to compel requests that the Court to order Defendant to answer multiple Interrogatories and Requests for Production, including the production of Defendant's customer database under an appropriate Protective Order. Additionally, Plaintiff requests Defendant to turn over all templates used during the class period and to execute the release of Records so Plaintiff can obtain appropriate records from j2 Global Communications, Inc. ("j2

Global"), the third party fax broadcaster, and evidence of all credit card payments or other forms of payments made to j2 Global during the class period within 20 days. Defendant Byram opposes the discovery request, claiming that Plaintiff's requests for documents and information concerning "templates" of "similar" faxes sent by Byram should be denied because no such templates exist, as the Medicaid update was a unique, one-time fax sent by Byram's co-providers of care.  Additionally, Defendant Byram argues that Plaintiff is not entitled to documents and information concerning Byram's referring physician database and facsimile logs at this time because such information is in no way relevant to class certification.

In response to Defendant Byram's opposition to the Motion to Compel, and "in the spirit of compromise," Plaintiff Geismann suggests that the following stipulations could resolve the discovery issue: (1) Defendant deposits both a printed and electronic copy of its complete customer list with the Court under seal; (2) Defendant identifies the number of entries in the list; (3) Defendant consents to the release of both the printed and electronic copy of the customer list to plaintiff upon the ruling of the Court certifying a class to proceed in this case; (4) Defendant stipulates that the list deposited with the Court contains 100% accurate information, which completely identifies all of the entities to which it sent any fax transmissions

via j2 Global during the class period; and (5) Defendant stipulates that the list is neither over-inclusive nor under-inclusive as related to the class definition.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Byram file a memorandum in writing, within seven (7) days of the date of this Order, outlining its position regarding Defendant Geismann's newly proposed stipulations offered in Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Discovery [Doc. #48 at 3].

**IT IS FURTHER ORDERED** that the Court will refrain from ruling on Plaintiff's Motion to Compel Answers to Discovery [Doc. #40] until it has reviewed Defendant Geismann's memorandum regarding Defendant Byram's proposed stipulations.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Vacate Scheduling Order [Doc. #49] is **DENIED**, at this time, without prejudice.

Dated this 22nd day of June, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE